UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,
    Plaintiff,

vs.                                       Case No.:  3:21cv695/LAC/EMT

AARON LEAVINS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff failed to either pay the filing fee or file a properly completed motion to proceed in forma pauperis (IFP) with the required supporting documentation.  The court thus entered an order directing Plaintiff to either pay the $402 filing fee within thirty days or submit a properly completed IFP motion with the required supporting documentation (IFP Order) (ECF No. 3).  The undersigned directed the clerk of court to send Plaintiff the complete set of forms needed for filing an IFP motion and notified Plaintiff that his failure to comply with the court's order as instructed would result in a recommendation of dismissal of this case (*id.* at 3).

Plaintiff did not comply with the IFP Order within the time allowed.  Therefore, the court entered an order on June 4, 2021, directing Plaintiff to show

cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court (ECF No. 7).  Plaintiff responded to the show cause order, offering explanations for his failure to comply (*see* ECF No. 10).  Noting that Plaintiff's explanations "minimally" satisfied the cause standard, the court afforded Plaintiff another opportunity to either pay the filing fee or file an IFP motion that satisfied the statutory requirements of 28 U.S.C. § 1915(a)(2) (*see* ECF No. 11).  The court again directed the clerk of court to send Plaintiff the complete set of forms needed for filing a compliant IFP motion (*id.* at 3).  The court directed Plaintiff to either pay the $402 filing fee within thirty days or file a completed IFP motion with the requisite prisoner consent form and financial certificate, including an attached computer printout of the transactions in his inmate account during the preceding six-month period (*id.*).  And the court included the following warning:  **"Plaintiff's failure to comply with this order as instructed will result in a recommendation, without further notice, that the case be dismissed."** (*id.*) (emphasis in original).

    Plaintiff filed an IFP motion on August 27, 2021, but he did not provide the requisite supporting documentation, specifically, the prisoner consent form and financial certificate signed by an authorized prison official and an attached inmate account statement reflecting the activity in his inmate account for the preceding six-

Case No.:  3:21cv695/LAC/EMT

month period (*see* ECF No. 13). On September 3, 2021, the court issued an order noting the deficiency, providing Plaintiff yet another opportunity to file a compliant IFP motion, and admonishing Plaintiff as follows:

> The court previously notified Plaintiff, **not only in this case but in the twenty-seven other cases he filed in this court over the past few months**, that if he wishes to proceed IFP, he must provide the requisite supporting documentation for the IFP motion—specifically, a Prisoner Consent Form and Financial Certificate signed by an authorized prison official and an attached inmate account statement reflecting the activity in his inmate account for the preceding six-month period. *See* 28 U.S.C. § 1915(a)(2). Despite Plaintiff's knowledge of the court's requirement that the above-referenced documents be filed in each case in which he seeks to proceed IFP, Plaintiff failed to provide that documentation with the instant IFP motion. Therefore, the court will once again deny Plaintiff's IFP motion without prejudice to his refiling an IFP motion with the required supporting documentation. However, **Plaintiff is warned that this is his final opportunity to satisfy the filing fee requirement. If Plaintiff does not either pay the filing fee or file a complete IFP motion, with all of the required documentation, by the deadline set by this order, the court will dismiss this case without further notice.**

(ECF No. 14 at 2) (emphases in original). Yet again, the court directed the clerk of court to supply Plaintiff with the necessary forms (*id.* at 5). The court set a thirty-day deadline for Plaintiff's compliance and, as noted above, warned him that his failure to comply as instructed would result in a recommendation of dismissal of this case **without further notice** (*id.*). The thirty-day deadline has now passed, and the court has not received payment of the filing fee or an IFP motion from Plaintiff.

Case No.: 3:21cv695/LAC/EMT

For the past six months, the court has issued Plaintiff clear directives and warnings, provided him the necessary forms, and afforded him numerous opportunities to satisfy the statutory filing fee/IFP requirement. Plaintiff still has not complied. The undersigned thus respectfully **RECOMMENDS** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with court orders.

At Pensacola, Florida, this 14th day of October 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**